IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RODERICK ARNOLD,

    Plaintiff,

    v.

BANK OF AMERICA, N.A.,

    Defendant.

CIVIL ACTION FILE

NO. 1:11-CV-02708-TWT-GGB

## **FINAL REPORT AND RECOMMENDATION**

This case is before the Court on a Motion to Dismiss filed by Defendant Bank of America, N.A., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 3). Plaintiff Roderick Arnold, who is proceeding pro se, has not filed a response in opposition. For the reasons stated below, I **RECOMMEND** that Defendant's Motion to Dismiss be **GRANTED**.

## **I. Background**

On August 16, 2011, Plaintiff filed a pro se complaint against Defendant asserting a series of claims arising out of Defendant's efforts to foreclose on a piece of real property located at 3900 Mistymorn Place in Powder Springs, Georgia. (Doc. 1 at 1). The complaint asserted that Defendant had violated: (1) the Single Family Mortgage Foreclosure Act, 12 U.S.C. §§ 3752, 3755, or 3758; (2) the Fair Debt Collection Practices Act ("FDCPA"); (3) Article 3, Section 306 of the Uniform Commercial Code;

and (4) Georgia statutes governing non-judicial foreclosures, O.C.G.A. §§ 44-14-161, 44-14-162, 44-14.162.1, and 44-14-162.2.[1] (Id. at 1-3). The complaint also states that the Real Estate Settlement Procedures Act ("RESPA") and the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, are "mandatory authority." (Id. at 2).

The complaint explains that Defendants violated Georgia law through "Foreclosure proceedings conducted below true market value of the property owned by the Plaintiff." (Id. at 2). In an attached Petition for Declaratory Judgment, Plaintiff explains that Defendant violated § 809B of the FDCPA, which provides that, if a consumer notifies a debt collector in writing that a debt is disputed, the debt collector must cease collection of that debt until the debt collector is able to verify the debt. (Doc. 1-1 at 2). Other than those brief statements, the complaint does not include any factual allegations in support of Plaintiff's claims. Plaintiff asks the Court to award damages, "issue a RULE NISI TO EVICTION," and "Stay all foreclosure proceedings." (Doc. 1 at 3, Doc. 1-1 at 3).

Defendant responded to the complaint by filing the present Motion to Dismiss. (Doc. 3). As noted above, Plaintiff has not responded to the motion to dismiss, and the time for filing a response has passed. Local Rule 7.1(B) provides that "[f]ailure to file

---

[1] The complaint also cites to O.C.G.A. §§ 44-14-161.1 and 44-14-161.2, but that appears to be an error, as those statutory sections do not exist.

2

a response shall indicate that there is no opposition to the motion." LR 7.1(B), NDGa. Accordingly, Defendant's motion shall be treated as unopposed. Welch v. Delta Air Lines, Inc., 978 F.Supp. 1133, 1148 (N.D. Ga. 1997).

## II. Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter … to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The complaint need not contain "detailed factual allegations," but must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted). Something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. Id.

## III. Discussion

In this case, Plaintiff's complaint does not include sufficient factual allegations that would entitle him to relief on any of his claims. First, Plaintiff has not stated a claim under the Single Family Mortgage Foreclosure Act, 12 U.S.C. §§ 3752, 3755, or 3758. That statute applies only to mortgages held by the Secretary of Housing and Urban Development. See 12 U.S.C. § 3751(b); see also Taylor v. Wachovia Mortg. Comp., No. 1:07-CV-2671, 2009 WL 249353, at *6 (N.D. Ga. Jan. 30, 2009); Ponder v. Bank of N.Y. Mellon, No. 5:10-CV-144, 2010 WL 2950681, at *1 (M.D. Ga. July 21, 2010). Here, the complaint does not allege that Plaintiff's mortgage is held by the Secretary. (See Doc. 1). In fact, the complaint suggests that the mortgage is held by a private corporation, Bank of America. Therefore, Plaintiff has not stated a claim under 12 U.S.C. §§ 3752, 3755, or 3758.

Plaintiff's next claim is that Defendant violated the FDCPA. (Doc. 1 at 2). Specifically, Plaintiff explains that Defendant failed to "validate" the debt as required by § 809B of the FDCPA, which is codified at 15 U.S.C. § 1692g(b). (Doc. 1-1 at 2). That statutory section provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt…

4

15 U.S.C. § 1692g(b).

To state a claim under the FDCPA, a plaintiff must show, among other things, that the defendant is a debt collector. Buckley v. Bayrock Mortg. Corp., No. 1:09-CV-1387, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010). The FDCPA defines "debt collector" as "any person … in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector" does not include creditors who are attempting to collect their own debts. See id. § 1692a(6)(A); see also Montgomery v. Huntington Bank, 346 F.3d 693, 699 (6th Cir. 2003) ("[T]he federal courts are in agreement: A bank that is a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts.") (quotation omitted).

Here, Plaintiff's complaint suggests that Defendant holds the mortgage on the Mistymorn Place property.[2] (See Doc. 1). Because Defendant is attempting to collect

---

[2]This is confirmed by the Security Deed and Assignment attached to Defendant's motion to dismiss. The Court may consider those documents without converting the motion to dismiss into a motion for summary judgment because those documents are central to Plaintiff's claims and there is no reason to doubt their authenticity. See Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (explaining that "a document outside the four corners of the complaint may

5

its own debt, rather than a debt due to a third party, it is not a debt collector within the meaning of the FDCPA. See 15 U.S.C. § 1692a(6). Moreover, the FDCPA does not apply to attempts to enforce a security interest through the foreclosure process. See Warren v. Countrywide Home Loans, Inc., 342 F.App'x 458, 460-61 (11th Cir. 2009) (collecting cases). Therefore, Plaintiff cannot bring an FDCPA claim based on Defendant's attempts to foreclose on the Mistymorn Place property.

Plaintiff's complaint also raises claims under Article 3, Section 306 of the UCC and RESPA. However, the complaint contains no factual allegations as to how Defendants' actions violated those statutes. Accordingly, Plaintiff's complaint fails to state a claim under the UCC. In addition, although the complaint cites the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, there is no allegation in the complaint that Plaintiff has filed a bankruptcy petition. Therefore, the automatic stay does not apply.

Finally, Plaintiff has not stated a claim for violations of Georgia's non-judicial foreclosure statutes. In his complaint, Plaintiff asserts that Defendant violated Georgia law by selling the property at a price below its true market value. (See Doc. 1 at 2-3). On the other hand, Plaintiff also asks the Court to issue a "RULE NISI TO EVICTION"

---

still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.").

6

and to "Stay all foreclosure proceedings." (See Doc. 1 at 3; Doc. 1-1 at 3). Those allegations suggest that Plaintiff still retains control over the property and that it has not yet been foreclosed upon. Because the complaint does not include plausible factual allegations showing that Defendant has violated Georgia's foreclosure statutes, Plaintiff's state-law claim is subject to dismissal. See Iqbal, 556 U.S. at 678.

Finally, Plaintiff is not entitled to injunctive relief. In order to obtain a preliminary injunction or temporary restraining order, a plaintiff must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schaivo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this case, all of Plaintiff's claims are due to be dismissed, so he cannot demonstrate a substantial likelihood of success on the merits. In addition, Plaintiff has not described how the failure to impose an injunction would cause an irreparable injury, nor has he shown that the balance of equities weighs in his favor. Therefore, Plaintiff's request for an injunction must be denied.

## IV. Conclusion

AO 72A
(Rev.8/82)

For the reasons stated above, I **RECOMMEND** that Defendant's Motion to Dismiss be **GRANTED**.

IT IS SO ORDERED this 20th day of June, 2012.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)